IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN DERRECK WILLIAMS, § | | |
| TDCJ No. 2129251, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:20-cv-00148-O-BP | |
| § | | |
| BOBBY LUMPKIN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner John Derreck Williams's Petition for Writ of Habeas Corpus, filed on November 25, 2020, and Respondent Director's Response, filed on April 16, 2021. ECF Nos. 1 and 15, respectively. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Petition for Writ of Habeas Corpus (ECF No. 1) as time-barred.

**I.   BACKGROUND**

John Derreck Williams ("Williams"), an inmate in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, filed the instant Petition for Writ of Habeas Corpus ("Petition"), challenging his state conviction for possession of a controlled substance with the intent to distribute. ECF No. 1 at 2. He seeks federal habeas relief based on allegations of ineffective assistance of counsel and prosecutorial misconduct, in addition to a perceived disproportionality between his crime and the resulting sentence. *Id.* Williams requests "[r]emand

to trial for re-offer of original plea offer, [a] new trial based on [ineffective assistance of counsel], new punishment or any and all other relief this Court may deem justified." *Id.* at 7.

Williams's incarceration follows a judgment and sentence of the 90th District Court of Young County, Texas in the case *State of Texas v. John Derreck Williams*, Cause No. 10720. *See* ECF No. 11-27. Williams pleaded not guilty to the charge of possession of a controlled substance—methamphetamine in an amount greater than four grams and less than two-hundred grams—with intent to distribute. *Id.* At trial, the jury found Williams guilty and sentenced him to ninety-nine years of incarceration. *Id.* Williams appealed, but the Court of Appeals for the Fifth District of Texas at Dallas affirmed his conviction on January 29, 2018. ECF No. 11-3. *See Williams v. State*, No. 05-17-00818-CR, 2018 WL 580270 (Tex. Crim. App. 2018). He then filed a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA"), which was refused on June 6, 2018. ECF No. 11-10. *See Williams v. State*, No. PD-0213-18 (Tex. Crim. App. 2018). Williams did not seek review in the United States Supreme Court. Thereafter, Williams filed a state application for writ of habeas corpus on February 19, 2019, which was denied on January 15, 2020. ECF Nos. 11-19, 11-27 at 28. After exhausting his state remedies, Williams filed the instant Petition on November 25, 2020. ECF No. 1.

Williams bases his ineffective assistance of counsel claim on his trial attorney's failure to move to suppress the drugs arresting officers found in Williams's possession; conduct a sufficient pre-trial investigation of the case; accept a plea bargain proposal as Williams directed; and object to the prosecutor's alleged bias. *Id.* at 6-7. Williams alleges prosecutorial misconduct in connection with a previous altercation between Williams and the state prosecutor. *Id.* at 8. Finally, the Petition alleges Eighth Amendment violations because the jury sentenced Williams to the statutory maximum of ninety-nine years. In support of this claim, Williams argues that he did not have a

violent criminal past and he possessed 4.75 grams of methamphetamine, which was barely enough to place him in the offense range for possession of more than four grams but less than two hundred grams. *Id.* at 7. Williams recognizes he filed the Petition outside the relevant limitations period, but argues that a state-imposed impediment prevented timely filing because the prison's law library failed to provide him with sufficient legal materials to research his case, draft his Petition, and file it on time. *Id.* at 9.

In his Response, the Director of the TDCJ Correctional Institutions Division ("Respondent") argues, among other things, that Williams's Petition is time-barred under the applicable statute of limitations and that Williams's allegations of "inadequate access to legal materials" did not materially impede his timely filing such that the statute of limitations should be equitably tolled. ECF No. 15.

## II.   LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations upon habeas corpus applications by persons in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). This limitations period runs from the latest of several dates, including, relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). This date is determined by state law. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).

 In Texas, if a defendant does not move for a new trial, he has thirty days after sentencing to file a notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file an appeal, his conviction becomes final at the end of that thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files a timely notice of appeal and the appellate court affirms, he has thirty days after

that affirmation to file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("TCCA"). Tex. R. App. P. 68.1; 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of that thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of that order. *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of that ninety-day period. 28 U.S.C. § 2244(d). If the defendant files a timely petition for writ of certiorari, his conviction becomes final when the Supreme Court issues an order regarding his conviction. Once his conviction becomes final, the limitations period in § 2244(d)(1)(A) begins to run, unless statutory tolling applies. Statutory tolling applies in limited enumerated circumstances, including, pertinent here, through the pendency of properly filed applications for state court collateral review. *See* 28 U.S.C. § 2244(d)(2).

The AEDPA limitations period may also be equitably tolled. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is not an escape valve for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, it is a "last resort" that allows tolling in "rare and exceptional circumstances" where adherence to the limitations period would be inequitable. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

The showing required to trigger equitable tolling is fact-intensive and exacting, as such tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Petitioners can trigger equitable tolling by establishing a "state-imposed impediment" as outlined in 28 U.S.C. § 2244(d)(1)(B). To do so, a petitioner must prove that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

As a general rule, "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 at n.3 (5th Cir. 2000) (quoting *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000)). Nevertheless, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). If a prison's legal resources are so insufficient they deprive prisoners of this right, that impediment warrants equitable tolling. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). It is not enough to show that a "prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, a petitioner "must also show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (citing *Felder*, 204 F.3d at 171 n.9).

### III.   ANALYSIS

#### A.   Williams's Petition is time-barred under the AEDPA.

Williams filed his Petition 117 days after the AEDPA's one-year limitations period expired. *See* 28 U.S.C. § 2244(d)(1)(A). Because the basis for Williams's Petition concerns his conviction and could have been discovered before his conviction was final, the limitations period

began running from the time his window for review closed. *Id.* Williams's time for review closed when his deadline for filing a petition for writ of certiorari with the United States Supreme Court expired. *Id.* For Williams, that occurred on September 4, 2018, ninety days after the TCCA denied his petition for discretionary review. ECF No. 15 at 6; *see also Roberts*, 319 F.3d at 693 n.14

Absent tolling, that would have resulted in an expiration date of September 4, 2019. However, the AEDPA's limitations period is tolled during the pendency of properly filed applications for state court collateral review. 28 U.S.C. § 2244(d)(2). Because Williams timely filed his state habeas application on February 19, 2019, the limitations period for his case temporarily stopped running until the TCCA denied the habeas application on January 15, 2020. *See* ECF No. 11-27 at 28. The relevant statutory tolling added 331 days to the limitations period, resulting in an expiration date of July 31, 2020, after accounting for the number of days that already had passed between September 4, 2018 when the limitations period began and February 19, 2019 when Williams filed his state habeas application. *See* ECF No. 15 at 6. Williams filed his Petition on November 25, 2020, almost four months later. Consequently, even accounting for statutory tolling, Williams filed his Petition beyond the limitations period set out in the AEDPA. Thus, absent any equitable tolling, the Petition is time-barred, and Judge O'Connor should deny it accordingly.

> **B.     Equitable tolling does not apply to Williams's Petition because the alleged state-imposed impediment was resolved several months before the AEDPA's limitations period expired.**

Although the limitations period had run by the time Williams filed his Petition, the Court must consider whether equitable tolling is appropriate for his case. *See Phillips*, 216 F.3d at 511. Given the facts presented in the pleadings and reflected in the administrative record, equitable tolling is inappropriate here. Equitable tolling is reserved for "rare and extraordinary" cases where

strict application of the statute of limitations would be inequitable. *Fisher*, 174 F.3d at 713; *Davis*, 158 F.3d at 811. Irrespective of the merits of a petitioner's claims, courts are not free to apply equitable tolling whenever they want, but must withhold it unless a petitioner makes the demanding factual showing required to trigger such tolling. *Egerton*, 334 F.3d at 436.

Under 28 U.S.C. § 2244(d)(1)(B), petitioners can trigger equitable tolling by establishing that a "state-imposed impediment" prevented timely filing of their petition. Williams argues that the allegedly slow response time of the Allred Unit's law library was a state-imposed impediment that kept him from filing his Petition on time. ECF No. 1 at 9. In particular, he contends that the state impeded his Petition in two ways: (1) by housing him "in restrictive housing with limited access to research material including rules for filing"; and (2) by "fail[ing] to deliver requested legal material for almost 1 whole year." *Id.* But Williams falls short of the heightened showing required to trigger equitable tolling, which courts extend sparingly. *See Irwin*, 498 U.S. at 96.

To establish the existence of a state-imposed impediment that would warrant equitable tolling, Williams would need to prove three things: (1) he was prevented from filing his Petition on time despite exercising due diligence; (2) by state action; (3) in a manner that violated the Constitution or federal law. *Davis*, 158 F.3d at 811; *Egerton*, 334 F.3d at 436. Prisoners have a right to minimally adequate legal resources, which derives from the broader constitutional right of "access to courts." *Bounds*, 430 U.S. at 828. Recognizing that prison law libraries often represent the only meaningful means of actualizing this right, the Fifth Circuit held in *Egerton* that egregiously deficient prison law libraries may, under certain circumstances, rise to a level of inadequacy that violates the Constitution or federal law. *Egerton*, 334 F.3d at 437-39.

Deficient prison law libraries are considered extensions of the state, thus satisfying the second *Davis* prong. *Id.* The first and third *Davis* prong typically intertwine. As is the case here,

7

petitioners often struggle to prove a prison's law library was so insufficient as to violate the Constitution or federal law, thus satisfying prong three, because they cannot establish a causal connection between the alleged insufficiency and their untimely filing, thus satisfying prong one. *Id.*

Because Williams cannot establish that his difficulties with the prison's law library "prevented" his timely filing, thus failing to satisfy prong one of *Davis*, he necessarily fails to persuade that the alleged issues violated his rights under the Constitution or federal law, thus also failing to satisfy the third prong of *Davis*. With respect to the law library's alleged unresponsiveness, Williams concedes that "the issue was resolved in January 2020." ECF No. 1 at 9. But, as noted above, the AEDPA limitations period did not expire for his Petition until July 31, 2020. Nothing in Williams's Petition or other pleadings explains how the alleged impairment prevented his timely filing when he had four unhindered months to research his case and draft his Petition after the issue was resolved.

Although the delays reported in Williams's grievances (ECF No. 18) may have caused frustration and rendered the timely filing of his Petition more difficult, a state-imposed impediment does not warrant equitable tolling when state action merely makes timely filing more difficult, rather than preventing timely filing. *Krause*, 637 F.3d at 561. At best, Williams can only show that the issues he faced with the Allred Unit's law library made it more difficult for him to file his Petition on time. But as the court in *Egerton* explained, equitable tolling is only warranted when a petitioner shows that he was prevented from timely filing by the alleged impairment. *See Egerton*, 334 F.3d at 436-39. *See also Scott*, 227 F.3d at 263 (finding that an impairment did not "prevent" timely filing where the impairment was removed half a year before the limitations period expired, and thus finding equitable tolling improper).

While the line between state action that prevents filing and that which merely makes it more difficult may not always be a bright one, the Court cannot say that the state action in this case "prevented" Williams's timely filing because it ended four months before the limitations period expired. In *Scott*, the court found that the petitioner was not entitled to equitable tolling because the "impediments were removed . . . approximately six months prior to the expiration of the limitation period." *Scott*, 227 F.3d at 263. A similar outcome is fitting here. Cases like *Egerton* and *Scott* do not teach that equitable tolling is warranted only if the state-imposed impairment lasts beyond the limitations period. But it would stretch the doctrine too far to extend equitable tolling in a situation where the alleged impairment ended four months before the limitations period expired. Thus, because no equitable tolling can be applied to remedy the untimeliness of Williams's Petition, it remains time-barred and should be denied accordingly.

## IV.  CONCLUSION

Williams's Petition is time-barred because the AEDPA's limitations period expired on July 31, 2020 and Williams did not file the Petition until November 25, 2020. No equitable tolling applies because any alleged impairment of Williams's timely filing ended four months before the limitations period expired for his Petition. Thus, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Williams's Petition as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on October 29, 2021.

                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE